# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| v. | |
| PATRICK TRONOSKI | NO.  12-388  -08 |

## O R D E R

**AND NOW**, this 14th day of December, 2013, upon consideration of Motion of Patrick Tronoski to Suppress Evidence and for Return of Property (Document No. 246, filed June 14, 2013), Government's Motion in Response to Defendant Patrick Tronoski's Motion to Suppress Evidence (Document No. 286, filed June 28, 2013), Supplemental Motion of Patrick Tronoski to Suppress Evidence and for Return of Property (Document No. 329, filed September 4, 2013), Government's Motion in Response to Defendant Patrick Tronoski's Motion to Suppress Evidence (Document No. 347, September 20, 2013), Patrick Tronoski's Supplemental Memorandum of Law in Support of his Motion and Supplemental to Suppress Evidence and for Return of Property (Document No. 398, filed October 31, 2013), letter of Patrick Tronoski dated November 20, 2013 regarding the burden of proof with respect to motions to suppress evidence,[1] Government's Response to Defendant Patrick Tronoski's Supplemental Memorandum of Law in Support of Defendant's Motions to Suppress Evidence and Return Property (Document No. 420, filed November 22, 2013), Government's Proposed Findings of Fact and Conclusions of Law (Document No. 389, filed October 18, 2013), Proposed Findings of Fact and Conclusions of Law Submitted on Behalf of Patrick Tronoski (Document No. 399, filed October 31, 2013), and letter of the government dated December 3, 2013 regarding the use of evidence at trial derived from

---

[1] A copy of the November 20, 2013 letter shall be docketed by the Deputy Clerk.

the search of the Whitpain Tavern on March 31, 2010,[2] **IT IS ORDERED** that Motion of Patrick Tronoski to Suppress Evidence and for Return of Property (Document No. 246) and Supplemental Motion of Patrick Tronoski to Suppress Evidence and for Return of Property (Document No. 329) are **DENIED**.  The Government's Motion in Response to Defendant Patrick Tronoski's Motion to Suppress Evidence (Document No. 347) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the denial of the motions filed by defendant Patrick Tronoski is **WITHOUT PREJUDICE** to his right to seek reconsideration if warranted by the evidence at trial.

The Court's ruling is based on the following:

1. The Court's findings of fact and conclusions of law with respect to the investigation of defendant Tronoski are set out at length in this Court's Memoranda dated December 13, 2013, ruling on defendants Joseph Vito Mastronardo, Jr., John Mastronardo, and Joseph F. Mastronardo's Motion to Suppress Wiretap and Physical Evidence (Document No. 253) ("Motion to Suppress Wiretaps") and defendant Joseph Vito Mastronardo, Jr.'s Motion to Suppress Evidence (Document No. 307) ("Motion to Suppress Vehicle Search").  The Court incorporates those findings of fact and conclusions of law by reference in this Order.

2. To the extent this Order contains findings of fact and conclusions of law not set forth in the Court's December 13, 2013 Memoranda, this Order constitutes the Court's additional findings of fact and conclusions of law with respect to the two motions to suppress filed by defendant Tronoski.

3. The Supplemental Motion of Patrick Tronoski to Suppress Evidence and for Return of Property (Document No. 329) ("Supplemental Motion") was filed at the direction of

---

[2] A copy of the December 3, 2013 letter shall be docketed by the Deputy Clerk.

the Court to clarify and expand the allegations made in Motion of Patrick Tronoski to Suppress Evidence and for Return of Property (Document No. 246) ("Motion to Suppress").  Both motions set out largely overlapping and repetitive grounds for relief, alleging defects in the affidavits, search warrants, wiretaps, and information supplied by confidential sources relied upon by police, the Court of Common Pleas of Montgomery County, and the Pennsylvania Superior Court.  The Court addresses each ground for relief in turn.

4. In Paragraph 13(a) of the Supplemental Motion, Tronoski alleges that "all evidence seized from defendant" "was seized in violation of the laws and Constitutions of the United States of America and the Commonwealth of Pennsylvania as set forth below."  This general ground for relief is rejected.  Defendant Tronoski's more specific grounds are addressed below and are denied for the reasons stated.

5. In Paragraph 13(b) of the Supplemental Motion, Tronoski argues that the February 24, 2010 affidavit of probable cause in the application for electronic surveillance on Tronoski's mobile phone ("wiretap affidavit") contains "stale and false information because alleged informants were not shown to be credible."  The Court finds that both Confidential Source One ("CS1") and Confidential Source Two ("CS2") were reliable and that the information in the wiretap affidavit was not stale.  This finding is based on Part II.A, III.C, and III.D of this Court's Memorandum dated December 13, 2013 ruling on defendants' Motion to Suppress Wiretaps in which the Court details police corroboration of information obtained from the confidential sources.  As an example, in analyzing Tronoski's phone records, police identified over one hundred cellular phone contacts between Tronoski and Jack Pennington between June 21, 2009 and February 12, 2010.  Moreover, CS2 reported in December 2009 — three months before Detective Vinter signed the wiretap affidavit — that CS2 had personally

called Tronoski and discussed using a website to place wagers.  The police independently verified through interviews with CS1 that the website was operational and utilized by codefendant Feighan.  Thus, the Court rejects this ground for relief.

6. In Paragraph 13(c) of the Supplemental Motion, Tronoski claims that the wiretaps were invalid under 18 Pa. Cons. Stat. § 5709(3)(vii) because "other normal investigative procedures" had not been tried and failed.  Specifically, Tronoski argues that police failed to use a sitting grand jury in Montgomery County, immunized testimony, or intense surveillance. The Court rejects this ground for relief.   First, the admissibility of wiretap evidence in federal trials is governed by federal law even when state law is more restrictive. *United States v. Shaffer*, 520 F.2d 1369, 1372 (3d Cir. 1975).  Second, to the extent Tronoski challenges the necessity of the wiretap under 18 U.S.C. § 2518(3)(c), the Court concludes that the wiretaps were necessary for the reasons stated in Part III.D of this Court's Memorandum dated December 13, 2013 ruling on defendants' Motion to Suppress Wiretaps.

7. In Paragraph 13(d) of the Supplemental Motion, Tronoski states that, in the wiretap affidavit, Detective Vinter "falsely asserted greater credentials than he had, because he was not, in fact, an expert on gambling."  The Court construes this paragraph as a request to set aside knowingly or intentionally false statements in an affidavit pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978).  "[I]n order to secure suppression of the fruits of the search, a defendant must show both that bad faith or reckless disregard existed on the part of the affiant, and that there would have been no probable cause but for the incorrect statement." *United States v. Frost*, 999 F.2d 737, 743 (3d Cir. 1993).  Tronoski fails to identify the part of the record on which this challenge is based, and the Court cannot find the statement in the wiretap affidavit. The wiretap affidavit states that Detective Vinter has been a detective for thirteen years, has

4

participated in or monitored approximately twenty wiretap investigations, and had previously been an affiant on over 750 drug-related arrests. Ex. G-1 Tab A at 1–3. Detective Vinter has participated in investigations of organized crime and stated in the wiretap affidavit that "I am familiar with the manner in which bookmakers receive bets or wagers for sporting events." *Id.* at 4. Given Detective Vinter's substantial law enforcement experience, the Court finds that the statement challenged by defendant, if present in the wiretap affidavit, is not necessary to establish probable cause. Thus, *Franks* is inapplicable, and the Court need not reach the issue of whether the alleged statement was made in bad faith or with reckless disregard for the truth.

In Paragraph 13(d) of the Supplemental Motion, Tronoski also alleges that Detective Vinter was biased against Tronoski because of a failed attempt to prosecute him for illegal bookmaking in 2003. The Court finds absolutely no evidence of bias on the part of Detective Vinter in the record. Substantial, unchallenged information after Tronski's 2003 arrest supports statements made by Detective Vinter in the wiretap affidavits, including conversations intercepted during the 2006 investigation of the Mastronardo Bookmaking Organization, in which Tronoski discussed setting up accounts for bettors on behalf of John Mastronardo and Joseph Vito Mastronardo, Jr.

8. In Paragraph 13(e) of the Supplemental Motion, Tronoski states that "If the Affiants had expertise in anything, it was in the investigation of narcotics offenses, and their expertise in gambling offenses was, if it existed at all, overstated." The Court rejects this ground for relief for the reasons stated above in Paragraph 7 of this Order.

9. In Paragraph 13(f) of the Supplemental Motion, Tronoski argues that "There is no information in the affidavit showing how any of that information [from CS2] is reliable." The Court rejects this ground for relief and finds that CS2 was reliable for the reasons stated in Part

II.A and III.D of this Court's Memorandum dated December 13, 2013 ruling on defendants' Motion to Suppress Wiretaps and for the reasons stated above in Paragraph 5 of this Order. In sum, the police corroborated substantial parts of the information obtained from CS2.

10. In Paragraph 13(g) of the Supplemental Motion, Tronoski argues that "There is insufficient information concerning the sources of information and reliability of [CS2] as the affidavit lacks averments concerning the basis for knowledge, recency, and independent facts showing reliability." The Court finds that CS2 was reliable for the reasons stated in Part II.A and III.D of this Court's Memorandum dated December 13, 2013 ruling on defendants' Motion to Suppress Wiretaps and for the reasons stated above in Paragraph 5 of this Order. The Court thus rejects this ground for the relief.

11. In Paragraph 13(h) of the Supplemental Motion, Tronoski alleges that Confidential Source 2 does not exist. The Court rejects this argument for the reasons stated in Part III.D of this Court's Memorandum dated December 13, 2013 ruling on defendants' Motion to Suppress Wiretaps.

12. In Paragraph 13(i) of the Supplemental Motion, Tronoski claims that, in the wiretap affidavit, CS2 "is stated to have provided information to Detective Vinter for 20 years, when Detective Vinter had not yet been a detective that long." The Court construes this ground for relief as a request to set aside knowingly or intentionally false information in an affidavit pursuant to *Franks*. Tronoski fails to identify the part of the record on which this challenge is based. The government denies, nor can the Court find, that such a representation was made in the wiretap affidavit. When describing CS2, the wiretap affidavit states that "Detective Vinter has known this confidential source for several years." Ex. G-1 Tab A at 43. Further, Detective

Vinter testified at the evidentiary hearing that he had known CS2 for fifteen years. Tr. Pretrial Mots. Hr'g Day 3 at 35, 135–36.

The Court finds any such statement in the affidavit does not affect a finding of probable cause. Moreover, there is no basis for claiming that Detective Vinter made a false statement knowingly, intentionally, or with reckless disregard for the truth. Thus, the *Franks* remedy is inappropriate. The Court rejects this ground for relief.

13. In Paragraph 13(j) of the Supplemental Motion, Tronoski argues that items seized during the March 31, 2010 search of Tronoski's business — the Whitpain Tavern — should be suppressed because the warrants were not left on the premises in violation of Pennsylvania law. The Court denies this ground for relief as moot based on the government's letter dated December 3, 2012 in which the government states that "The government will not introduce evidence that was seized form the Whitpain Tavern on March 31, 2010."

14. In Paragraph 13(j) of the Supplemental Motion, Tronoski also argues that evidence seized in the search of his home should be suppressed because the warrants did not describe the items to be seized with particularity. The Court construes this ground for relief as an assertion that the warrant authorizing the search of Tronoski's residence was a general warrant. General warrants are prohibited by the Fourth Amendment. *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971). However, a warrant cannot be invalidated as a general warrant if "it does not vest the executing officer with unbridled discretion to conduct an exploratory rummaging through [defendant's] papers in search of criminal evidence." *United States v. Christine*, 687 F.2d 749, 753 (3d Cir. 1982).

The Court finds that the warrant authorizing the search of Tronoski's residence was not a general warrant. The warrant contains "clauses [that] describe in both specific and

inclusive generic terms what is to be seized." *Id.*  The search warrant authorized police to search for four types of "records, documents, and materials": (1) those related to illegal sports bookmaking, (2) those related to the concealment or transfer of assets, (3) those related to financial institutions and business relationships, and (4) those related to "occupancy, residency, rental and/or ownership of the premises."  Motion to Suppress Ex. D.  The Court finds that the search warrant outlined with specificity the type of documents police could search for and seize; thus, suppression is not warranted.

15. In Paragraph 13(j) of the Supplemental Motion, Tronoski further states that the search warrant for his residence did not "set forth temporal information and could not have been fresh because Mr. Tronoski was out of the country at, and prior to, the issuance and execution of those warrants."  The Court rejects this ground for relief for the reason stated above in Paragraph 5 of this Order.  Tronoski's presence in the country is not evidence of whether the police had probable cause to believe evidence of his alleged crimes would be found at his residence.

16. In Paragraph 13(k) of the Supplemental Motion, Tronoski states that the affidavits in applications for the search warrants authorizing searches of his home and business ("search warrant affidavits") do not establish probable cause that "the property sought would be on the premises to be searched, and as to Patrick Tronoski, were based just on information that he was an inveterate gambler."  The Court finds ample evidence in the record presented, including the extensive evidence obtained from the Tronoski wiretap, to support probable cause.  Police recorded Tronoski using his phone to manage the gambling accounts of others on numerous occasions by adjusting his bettors' balances, providing bettors additional credit, and delivering money on his bettors' behalf.  The police confirmed meetings with coconspirators through visual

and GPS surveillance.  *See, e.g.*, Ex. G-1 Tab F–G.    The Court, thus, rejects this ground for relief.

17. In Paragraphs 13(l) through 13(n), Tronoski states that the evidence seized pursuant to the searches of his business and home should be suppressed because the government used a federal grand jury to acquire physical evidence seized during the search of Tronski's business and residence before the Court of Common Pleas of Montgomery County could rule on his then pending Emergency Petition for Return of Property Pursuant to Pennsylvania Rule of Criminal Procedure 588.  Tronoski cites no authority, nor can the Court find any authority, supporting the proposition that such a use of the federal grand jury warrants suppression of evidence presented in this Court.  Further, defendant was not prejudiced because he presented in this Court the same or similar challenges that he presented to the Court of Common Pleas of Montgomery County.  Accordingly, the Court rejects this ground for relief.

18. Paragraph 10 of Tronoski's Motion to Suppress, Tronoski asserts fourteen grounds for relief identical in all material respects, but with less information, to the grounds for relief set forth in the Supplemental Motion.  All such grounds for relief in Tronoski's Motion to Suppress are denied for the reasons stated above.

                                            **BY THE COURT:**

                                          /s/ Hon. Jan E. DuBois
                                          **DuBOIS, JAN E., J.**